IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-CV-171-FDW-DCK

| | |
|---|---|
| MARK MULLADY, )<br>)<br>        Plaintiff, )<br>)<br>   v. )<br>)<br>JOHN THOMAS GREENE, and )<br>DISCOVER BANK, )<br>)<br>        Defendants. )<br>) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Discover Bank's Motion To Compel Arbitration And Dismiss" (Document No. 12) filed on April 2, 2024, and Plaintiff's "Motion To Amend Complaint" (Document No. 26) filed on July 19, 2024. These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and are now ripe for disposition. Having carefully considered the arguments, the record, and applicable authority, and following consultation with Judge Whitney's chambers, the undersigned will direct that "Defendant Discover Bank's Motion To Compel Arbitration And Dismiss" (Document No. 12) be granted in part with respect to the Motion To Compel Arbitration and denied as moot in part with respect to the Motion To Dismiss, and that Plaintiff's "Motion To Amend Complaint" (Document No. 26) be denied. The undersigned further directs that this matter be stayed, and that the parties file a Status Report, jointly if possible, on or before March 7, 2025, and every ninety (90) days thereafter.

I. BACKGROUND

Plaintiff Mark Mullady ("Plaintiff" or "Mullady"), appearing without counsel, initiated this action by filing a "Complaint For A Civil Case Alleging Breach Of Contract" (the "Complaint")

(Document No. 1) on February 14, 2024.  In the Complaint, Plaintiff asserts that Defendants Discover Bank ("Discover") and John Thomas Greene ("Greene"), the Chief Financial Officer ("CFO") of Discover Bank, breached obligations under a credit card agreement between Plaintiff and Discover.  (Document No. 1, p. 4).  Plaintiff asserts that Greene "refused to recognize the claim made by Mark Mullady as the Owner/Agent and denied [Plaintiff] the benefit of all Rights, Titles, and Interests of the principals account ending in 3119."  Id.  Plaintiff further asserts that Greene "failed to perform after accepting the negotiable instrument for tender of payment or to provide an opportunity to cure as mandated."[1]  Id.  Plaintiff requests judgment "ordering the internal record corrected at Discover Bank to reflect the true identity of Mark Mullady as the Agent/Owner of the Principal Account…ending in 3119," judgment "ordering [Greene] to perform his fiduciary duty by accepting tender for payment of amounts due to Principal and applying to Principal account ending in 3119 for set-off Daily," and judgment "ordering compensatory damages in the amount of $7,500,000…for pain and suffering due to the gross negligence and pattern of dishonor by [Greene] for terminating the Plaintiff's ability to engage in commerce for a period of over 6 months by closing Principal account ending in 3119."  Id.

Defendant Discover Bank filed an "…Answer And Affirmative Defenses" (Document No. 11) to Plaintiff's Complaint (Document No. 1) on April 1, 2024.  Discover next filed "Defendant Discover Bank's Motion To Compel Arbitration And Dismiss" (Document No. 12) and "Defendant Discover Bank's Memorandum Of Law In Support Of Its Motion To Compel Arbitration And Dismiss" (Document No. 13) on April 2, 2024.  Plaintiff filed his "…Opposition To Defendants Motion To Compel Arbitration And Dismiss" (Document No. 18) on May 10, 2024.  Discover filed "Defendant Discover Bank's Reply In Support Of Motion To Compel Arbitration

---

[1] The undersigned notes that Plaintiff's Statement of Claim in the Complaint appears truncated.  The undersigned considers the Complaint as it was submitted by Plaintiff.

2

And Dismiss" (Document No. 19) on May 17, 2024.[2]  Discover next filed "Defendant Discover Bank's Notice Of Supplemental Authority In Support Of Its Motion To Compel Arbitration" (Document No. 25) on June 18, 2024, amending its request for dismissal to one for a stay of this action pending arbitration pursuant to the United States Supreme Court's ruling in Smith v. Spizzirri, 601 U.S. 472 (2024).

Next, Plaintiff filed a "Motion To Amend Complaint" (Document No. 26) on July 19, 2024. Defendants filed "Defendants' Opposition To Plaintiff's Motion To Amend Complaint" (Document No. 27) on August 2, 2024.  Plaintiff filed a reply brief in support of his Motion To Amend on August 9, 2024.  (Document No. 28).  Defendants filed "Defendants' Motion For Leave To File Surreply In Opposition To Plaintiff's Motion To Amend Complaint" (Document No. 29) on August 12, 2024, which the Court granted on August 13, 2024.  (Document No. 30). Defendants filed "Defendants' Sur-Reply In Opposition To Plaintiff's Motion To Amend Complaint" (Document No. 31) on August 20, 2024.

The pending motions have been fully briefed and are ripe for review.

## II.  STANDARD OF REVIEW

The FAA represents "a liberal federal policy favoring arbitration agreements" and applies "to any arbitration agreement within the coverage of the [FAA]." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983).  Under Section 2 of the FAA, a written arbitration provision "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Furthermore, the Supreme Court has

---

[2] Although not directed at the instant motions, the undersigned notes that *pro se* Plaintiff also filed a "…Response And Opposition To Defendants Answer And Affirmative Defenses" (Document No. 17) on May 10, 2024, and a Response (Document No. 22) and Amended Response (Document No. 23) in opposition to "Defendant John Thomas Greene's Motion To Dismiss" (Document No. 20) on May 31, 2024.

3

held that "courts must rigorously enforce arbitration agreements according to their terms." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011).

In the Fourth Circuit, a litigant can compel arbitration under the FAA if he can demonstrate:

> (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) a relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of [a party] to arbitrate the dispute.

Galloway v. Santander Consumer USA, Inc., 819 F.3d 79, 84 (4th Cir. 2016); see also Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc., 807 F.3d 553, 563 (4th Cir. 2015).

"Agreements to arbitrate are construed according to the ordinary rules of contract interpretation, as augmented by a federal policy requiring that all ambiguities be resolved in favor of arbitration." Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 710 (4th Cir. 2011). Whether a party agreed to arbitrate a particular dispute is a question of state law governing contract formation. Adkins v. Labor Ready, Inc., 303 F.3d 496, 500-01 (4th Cir. 2002). "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 91 (2000).

### III.  DISCUSSION

The undersigned will first consider "Defendant Discover Bank's Motion To Compel Arbitration…" (Document No. 12).

**A. Defendant Discover Bank's Motion To Compel Arbitration**

In its Motion To Compel Arbitration, Discover argues that "Plaintiff's breach of contract claim against Discover directly arises out of and relate[s] to his Discover credit card account (the "Account"). This claim is therefore subject to the terms of the arbitration agreement included in the Cardmember Agreement governing the Account, warranting submission of the present lawsuit

to arbitration." (Document No. 12, p. 1). In its supporting Memorandum Of Law, Discover argues that "[a]ll of Plaintiff's claims against Discover must be compelled to arbitration." (Document No. 13, p. 1). Discover asserts "Plaintiff's Discover account is governed by a written, valid arbitration agreement which requires arbitration of disputes with Discover" and "Plaintiff did not opt out of arbitration." Id.

Discover asserts that the Arbitration Agreement reads in pertinent part as follows:

> **Agreement to Arbitrate.** In the event of a dispute between you and us arising out of or relating to this Account or the relationships resulting from this Account or any other dispute between you or us, including, for example, a dispute based on a federal or state statute or local ordinance ("Claim"), either you or we may choose to resolve the Claim by binding arbitration, as described below, instead of in court. Any claim (except for a Claim challenging the validity or enforceability of this arbitration agreement, including the Class Action Waiver) may be resolved by binding arbitration if either side requests it. THIS MEANS IF EITHER YOU OR WE CHOOSE ARBITRATION, NEITHER PARTY WILL HAVE THE RIGHT TO LITIGATE SUCH CLAIM IN COURT OR TO HAVE A JURY TRIAL. ALSO DISCOVERY AND APPEAL RIGHTS ARE LIMITED IN ARBITRATION.

Id. at pp. 2–3 (citing Document No. 13-1, pp. 13, 15–16).

Discover contends "[t]he arbitration agreement in Plaintiff's Cardmember Agreement is unquestionably broad enough in scope to encompass Plaintiff's claims against Discover." Id. at p. 7. Discover further argues that "[t]o the extent there is any question as to whether the Arbitration Agreement applies to Plaintiff's claims against Discover, the Arbitration Agreement makes clear that the question of arbitrability is itself subject to arbitration." Id. at p. 9. Discover asserts that the Arbitration Agreement incorporates the American Arbitration Association's ("AAA") rules, "which require the arbitrator to decide the issue of arbitrability of claims." Id.

In response, "Plaintiff opposes [Discover's] motion on the grounds that a new agreement, which explicitly lacks an arbitration clause, has been established and agreed upon by both parties,

5

thereby superseding any prior agreements that included arbitration provisions." (Document No. 18, p. 1).

In reply, Discover argues "Plaintiff's Opposition does not dispute that the Arbitration Agreement is enforceable and encompasses Plaintiff's claims in this action. Instead, he relies solely on a claim that he modified the terms of the Cardmember Agreement when he mailed in letters to Discover, to which Discover never responded or reacted in any way." (Document No. 19, pp. 1–2).

In Plaintiff's reply brief supporting his Motion To Amend, Plaintiff argues for the first time that "the arbitration clause within the Cardmember Agreement is unconscionable and, therefore, unenforceable." (Document No. 28, p. 1). The Court permitted, and Defendants filed, a Surreply, in which Defendants rebutted Plaintiff's arguments of unconscionability (Document Nos. 30, 31).

The undersigned is satisfied that the arbitration clause in the Cardmember Agreement (the "Arbitration Agreement")[3] is written and involves interstate commerce; Plaintiff does not seem to dispute these points. As to whether the Arbitration Agreement covers this dispute, the undersigned agrees with Discover that the Arbitration Agreement is very broad in scope. The Arbitration Agreement purports to encompass any dispute between Discover and Plaintiff "arising out of or relating to" Plaintiff's Discover Account or "any other dispute between" Discover and Plaintiff,

---

[3] The undersigned notes that the agreement to which Plaintiff cites, (Document No. 28-1), differs slightly, but not significantly, from the agreement to which Defendants cite, (Document No. 13-1, pp. 12–16); (Document No. 31-1, pp. 1–5). The "Declaration of Janusz "John" Wantuch In Support Of Discover Bank's Motion To Compel Arbitration And Dismiss," (Document No. 13-1) (the "Wantuch Declaration") asserts that Mr. Wantuch holds the position of Vice President Credit Management at Discover Bank and oversees "the 'change in terms' process relating to the Discover Card® revolving credit cards, including notification to customers about amendments to the contracts governing their accounts." Id. at p. 2. The Wantuch Declaration further asserts that during the life of Plaintiff's Discover Account, "Discover changed the terms of the Cardmember Agreement on occasion" and "mailed notices of change of terms to [Plaintiff]," and that "[o]n August 2, 2023, Discover sent [Plaintiff] a copy of the governing Cardmember Agreement." Id. at p. 4. The Wantuch Declaration identifies as the "true and correct copy of the governing Cardmember Agreement" the document attached [t]hereto as Exhibit 2." Id.

save for a dispute challenging the validity or enforceability of the Arbitration Agreement itself. (Document No. 13, pp. 2–3, 7–9); (Document No. 13-1, pp. 13, 15–16).

Plaintiff attacks the Arbitration Agreement on grounds of contract modification and unconscionability. The undersigned will consider Plaintiff's arguments against compelling arbitration on these grounds in accordance with the FAA and the plain text of the Arbitration Agreement, which appears to expressly exclude disputes attacking its own validity or enforceability as described above. The undersigned is satisfied that the Arbitration Agreement is broad enough in scope to encompass all other claims at issue in the instant case.

### i. Superseding Agreement

In response to Discover's assertions of a valid Arbitration Agreement, Plaintiff contends:

> Through a series of communications initiated by the Plaintiff in late 2023…a new agreement was proposed and subsequently accepted by Defendants…Defendants' failure to object to or return the payments enclosed with these communications, coupled with their continued acceptance of the payments, constitutes a clear and unambiguous acceptance of the new terms proposed by the Plaintiff. This new agreement does not contain an arbitration clause.

(Document No. 18, p. 1). Plaintiff contends that "[p]ursuant to well-established legal principles regarding contract modification and acquiescence, the new terms mutually agreed upon by both parties govern the current legal relationship and explicitly exclude arbitration as a method of dispute resolution." Id. Plaintiff includes as Exhibits to his Response three mailings sent by Plaintiff and addressed to Defendant Greene. (Document No. 18-2).

In reply, Discover characterizes Plaintiff's assertions "that his unilateral mailing of three letters to John Greene as Chief Financial Officer of Discover, which demanded set off of Plaintiff's Discover account, creates enforceable contractual obligations against Discover that *negate* the Cardmember Agreement in its entirety," as "frankly, preposterous." (Document No. 19, p. 1).

7

Discover argues that it "never responded or reacted in any way" to these letters and contends that the letters "lack both mutual assent and consideration, rendering them unenforceable under North Carolina law." Id. at pp. 1–2.

The undersigned is not persuaded by Plaintiff's contentions. As Discover argues, "Plaintiff has not produced anything to suggest that confirmation was returned to him in acceptance of the letter[s]," and Plaintiff's letters themselves acknowledge he received no response or reaction from Discover regarding these mailings. (Document No. 19, p. 4); (Document No. 18-2, pp. 8, 13). Although Plaintiff refers to the "payments enclosed with these communications," he does not make clear what any such payments were or how they differed from any payments governed by the original Cardmember Agreement. Contrary to Plaintiff's urgings, the undersigned can find nothing to indicate any "new terms mutually agreed upon by both parties [that] govern the current legal relationship and explicitly exclude arbitration as a method of dispute resolution." (Document No. 18, p. 1). Moreover, to the extent this argument attacks the entire legal relationship between Plaintiff and Discover (and not just the Arbitration Agreement itself), the undersigned agrees with Discover that it is covered by the Arbitration Agreement and should be referred to arbitration.

In short, the undersigned is not persuaded that these mailings plausibly formed a new contract sufficient to supersede or otherwise modify the original Arbitration Agreement.

   **ii.    Unconscionability**

The undersigned will next entertain Plaintiff's argument that the Arbitration Agreement is unconscionable and therefore unenforceable.[4] Plaintiff argues procedural unconscionability resulting from the "significant disparity in bargaining power between Plaintiff and Discover

---

[4] Because the undersigned is ultimately unpersuaded by this argument, the undersigned need not further address the propriety of considering arguments raised in *pro se* Plaintiff's reply brief supporting a different motion. The argument, even when considered, does not affect the disposition of Defendants' Motion To Compel Arbitration.

Bank." (Document No. 28, p. 2). Plaintiff contends he "had no meaningful choice but to accept the arbitration clause, as the terms were presented on a take-it-or-leave-it-basis," and the arbitration clause "fails to meet the standard of conspicuousness" required by North Carolina state law. Id. Plaintiff further argues substantive unconscionability in that "[t]he terms of the arbitration clause are excessively one-sided, unfairly benefiting Discover Bank," and the clause "imposes prohibitive costs for arbitration that the Plaintiff cannot reasonably afford." Id. Furthermore, Plaintiff argues, "the clause severely limits Plaintiff's ability to pursue legal claims by restricting available remedies and procedural safeguards, placing a disproportionate burden on the Plaintiff compared to Discover Bank." Id.

Defendants argue that "the Arbitration Agreement is neither procedurally nor substantively unconscionable. Discover's arbitration agreement has been routinely upheld by courts nationwide." (Document No. 31, p. 2). Defendants assert "Plaintiff has not shown that he could not get a similar credit card elsewhere if he was unsatisfied with the terms of the Cardmember Agreement," and "Discover did not even condition Plaintiff's credit card account on arbitration, for Discover provided a clear and conspicuous procedure for opting out of arbitration…Plaintiff thus had a meaningful choice, either to contract with a different company for a credit card or to opt out of arbitration." Id. at p. 3 (citing (Document No. 31-1, p. 5)). Defendants also contend the Arbitration Agreement is "clearly laid out, explained in detail, and not inconspicuous in the overall contract, as determined by district courts nationwide." Id. at p. 3. Defendants further assert "the disparity of bargaining power alone is insufficient to support a finding of procedural unconscionability." Id. at p. 4 (citing Keena v. Groupon, Inc., No. 3:15-CV-520-GCM, 192 F. Supp. 3d 630, 636–37 (W.D.N.C. 2016)).

9

Defendants argue against substantive unconscionability by asserting "Plaintiff points to no provision of the arbitration agreement that he claims is one-sided, and he cannot do so because the agreement is mutually binding." Id. at p. 4. Defendants assert "the maximum initial fee Plaintiff would face in arbitration is $200, which is *less* than the $405 filing fee Plaintiff paid to file his Complaint in this Court," and moreover "the Arbitration Agreement provides that Plaintiff may ask Discover to pay arbitration costs if he cannot afford them." Id. at pp. 4–5 (citing (Document No. 31-1, p. 5)). Finally, Defendants contend "the Arbitration Agreement does not prevent Plaintiff from pursuing any legal claims against Discover," in that "[t]here is no provision limiting the types of claims that may be brought and the terms of the Arbitration Agreement allow for all forms of relief including injunctive relief." Id. at p. 5 (citing (Document No. 31-1, pp. 4–5)).

The undersigned is not persuaded by Plaintiff's arguments that Discover's Arbitration Agreement is unconscionable. Regarding procedural unconscionability, the undersigned agrees with Defendants that the Cardmember Agreement contains a clear procedure for opting out of arbitration. Indeed, the very first page of the governing Cardmember Agreement states that the cardholder "may…reject the 'Arbitration of Disputes' section as explained in that section." (Document No. 13-1, pp. 13, 16); (Document No. 28-1, pp. 4, 6); (Document No. 31-1, pp. 2, 5). The undersigned also cannot agree with Plaintiff's arguments that the arbitration clause is written "without the use of bold, italics, or capitalization" and that its heading "is not set apart by any distinctive formatting" and that it thus is procedurally unconscionable. (Document No. 28, p. 2). There is a clear heading to the arbitration section of the Cardmember Agreement that is larger than the body text, bolded, and set off in all capital letters with page-wide horizontal borders; there are bolded sub-headings below, including one that reads "**Agreement to Arbitrate**" and another that begins "**You Have the Right to Reject Arbitration for this Account**." (Document No. 13-1, pp.

10

15–16); (Document No. 28-1, pp. 6–7); (Document No. 31-1, pp. 4–5). The undersigned also cannot find substantive unconscionability on the grounds that Plaintiff urges. Defendants' arguments to the contrary are persuasive as outlined above.

Apart from Plaintiff's arguments of unconscionability and of a superseding agreement that negates the arbitration mandate, the undersigned observes no other compelling dispute as to the validity or enforceability of the Arbitration Agreement and is thus persuaded that Discover may compel arbitration under the FAA.

### B. Defendant Discover Bank's Motion To Dismiss

On June 18, 2024, Defendant Discover Bank filed a "…Notice Of Supplemental Authority In Support Of Its Motion To Compel Arbitration." (Document No. 25). In this Notice, Discover requested "that this Court stay, rather than dismiss, this action pending arbitration." Id. at p. 1 (citing Smith v. Spizzirri, 601 U.S. 472 (2024) (holding that the FAA compels courts to stay, rather than dismiss, arbitrable disputes)). As such, Discover's Motion To Dismiss the arbitrable claims is effectively moot.

### C. Plaintiff's Motion To Amend Complaint

Plaintiff "seeks to amend the complaint to include detailed allegations regarding the acceptance and handling of negotiable instruments, as well as to clarify the roles and actions of the Defendants, particularly John Thomas Greene." (Document No. 26, pp. 1–2). Plaintiff's Motion To Amend asserts he has "gathered additional evidence including the Discover Bank Credit Card Agreement…, return receipts, and negotiable instruments supporting these allegations." Id. at p. 2.

In response, Defendants argue that "Plaintiff's proposed amendments to the Complaint still raise only claims arising out of or relating to Plaintiff's Discover credit card account," and

"[b]ecause Plaintiff's proposed amendment still involve[s] claims against Discover that must be arbitrated rather than litigated in this Court, this amendment would be futile and should be denied." (Document No. 27, p. 4). Additionally, Defendants argue that "[r]egarding Plaintiff's claims against Greene, the proposed amendment does not state a valid claim for relief and fails to establish personal jurisdiction over Greene." Id.

In reply, Plaintiff "argues that the arbitration clause within the Cardmember Agreement is unconscionable and, therefore, unenforceable." (Document No. 28, p. 1). Plaintiff also asserts additional causes of action related to his Discover Account, including that he "recently discovered that Discover Bank failed to disclose his true identity as a co-signer on the account" and that "[t]his omission constitutes a significant deceptive business practice under both federal and state law." Id. at p. 3.

In Defendants' Surreply, Defendants argue that Plaintiff's newly raised argument of the unconscionability of the Arbitration Agreement "still does not support Plaintiff's request to amend the Complaint." (Document No. 31, pp. 1–2).

The undersigned agrees with Defendants. Plaintiff's proposed amendments do not strengthen his argument that his claims should proceed in court rather than in arbitration; they also do not address personal jurisdiction over Defendant Greene. In short, it appears that the proposed "First Amended Complaint" (Document No. 26-1) would be unduly prejudicial to Defendants and/or futile at this time. In the interests of judicial economy and efficient case management, the Court will respectfully deny Plaintiff's "Motion To Amend Complaint" (Document No. 26).

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that "Defendant Discover Bank's Motion To Compel Arbitration And Dismiss" (Document No. 12) is **GRANTED IN PART** with respect to the Motion To Compel Arbitration, and **DENIED AS MOOT IN PART** with respect to the Motion To Dismiss.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion To Amend Complaint" (Document No. 26) IS **DENIED**.

**IT IS FURTHER ORDERED** that this matter is **STAYED**. The parties shall file a Status Report, jointly if possible, on or before **March 7, 2025**, and every ninety (90) days thereafter.

**SO ORDERED**.

Signed: December 4, 2024

David C. Keesler
United States Magistrate Judge